## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **VIRGINIA CAREY, on behalf of** | * | **CIVIL ACTION** |
| **minor child,** | * | |
| | * | |
| **VERSUS** | * | |
| | * | **JUDGE** |
| **P & S INSURANCE RISK RETENTION** | * | |
| **GROUP, DMT TRUCKING, LLC, BLAIR** | * | |
| **LOGISTICS, INC. AND JAMES R. GOWAN** | * | **MAGISTRATE** |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## NOTICE OF REMOVAL

TO:    THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN
        DISTRICT OF LOUISIANA:

**NOW COME**, through undersigned counsel, Defendants, James R. Gowen (incorrectly

referred to in the State Court proceeding as James R. Gowan), P & S Insurance Risk Retention

Group, DMT Trucking, LLC, and Blair Logistics, Inc. (herein collectively referred to as

"**Defendants**"), who, without waiving any defenses, claims, or causes of action, hereby provide

notice of removal of this case entitled *Virginia Carey, on behalf of minor child,*          .

*v. P & S Insurance Risk Retention Group, DMT Trucking, LLC, Blair Logistics and James R.*

*Gowan* from the docket of the 33rd  Judicial District Court for the Parish of Allen, State of

Louisiana to the United States District Court for the Western District of Louisiana pursuant to 28

U.S.C. § 1441 as follows:

1.

Plaintiff, Virginia Carey ("**Plaintiff**"), filed this matter on July 7, 2022 in the 33rd Judicial

District Court for the Parish of Allen, State of Louisiana, docket no. C-2022-255, Division "B"

(herein referred to as "**the Lawsuit**"). James R. Gowen (incorrectly referred to in the State Court

proceeding as James R. Gowan) was served with the *Petition* on July 16, 2022. P & S Insurance Risk Retention Group was served with the *Petition* on July 25, 2022. DMT Trucking, LLC was served with the *Petition* on July 20, 2022. Blair Logistics, Inc. was served with the *Petition* on July 25, 2022.

2.

The *Petition* asserts a claim against Defendants, who are not residents of Louisiana. James Gowen is a Florida domiciliary; P & S Insurance Risk Retention Group is a foreign insurer; DMT Trucking, LLC is a foreign limited liability company which is wholly-owned by an Alabama corporation; and, Blair Logistics, Inc. is a foreign corporation. Since Petitioner is a resident of Louisiana, there exists complete diversity of citizenship.

3.

Plaintiff alleges that Leon Henry Wallace, Jr., the alleged father of the minor child, , was killed in a vehicle accident on October 27, 2021, while traveling on U.S. Highway 165 South in Allen Parish, Louisiana. Plaintiff alleges that she is the mother of and that she brings this lawsuit on the minor's behalf. Plaintiff claims that she is entitled to recover damages for the wrongful death and survival action of Leon Henry Wallace, Jr. as a result of alleged negligence on behalf of Defendants.

4.

Louisiana courts have awarded damages from $100,00.00 to $750,000.00 for cases involving the alleged wrongful death of a father.[1] Although Defendants deny that they were

---

[1]*See Mays v. Chevron Pipe Line Co.*, 6:14-cv-03098 (USDC-WDLA 02/08/19) (plaintiff awarded $100,000.00 for the wrongful death of father); *see also McBride v. Estis Well Serv., L.L.C.*, 853 F.3d 777 (5th Cir. 2017) (plaintiff awarded $180,000 for wrongful death of father); *see also Fuselier v. DOT & Dev.*, 05-681 (La. App. 3 Cir. 01/11/06), 919 So.2d 867 (plaintiff awarded $250,000 for wrongful death of father); *see also Amlani v. McGee*, 13-950 (La.App. 3 Cir. 04/02/14), 135 So.3d 1246 (plaintiff awarded $300,000 for wrongful death of father); *see also Raymond v. Gov't Emples. Ins. Co.*, 09-1327 (La.App. 3 Cir. 06/02/10), 40 So.3d 1179 (plaintiff awarded $750,000 for wrongful death of father).

2

negligent in any way and that they are not liable to Plaintiff for any damages arising out of the subject accident, damages which may be awarded in the instant case will likely exceed the jurisdictional minimum of $75,000.00.

5.

Pursuant to 28 U.S.C. § 1332, Federal Courts have original jurisdiction over any civil case in which there is diversity of citizenship amongst the parties and the amount in controversy exceeds $75,000.00.

6.

Defendants consent to removal of this matter, and they reserve their right to supplement this Notice of Removal as additional information becomes available.

7.

Venue is proper as to this removal, as the *Petition* was filed in Allen Parish, which is within this District's jurisdiction.

8.

Removal is timely. Under 28 U.S.C. § 1446(b)(2)(B), a notice of removal may be filed within thirty (30) days of each defendant's receipt or service of the initial pleading or summons. Here, all Defendants were served less than thirty (30) days ago. Thus, the Notice of Removal is being filed within the thirty (30) days of service.

9.

Further, removal is also timely under 28 U.S.C. § 1446(c)(1), which states that an action may not be removed under 1446(b)(3) more than one year after the commencement of the action.

_____

Since this Lawsuit commenced on July 7, 2022 and a year has not yet passed since its filing, removal is timely and compliant with 28 U.S.C. § 1446(c)(1).

10.

This removal is without prejudice, and Defendants specifically reserve their rights, to assert all claims, causes of action, exceptions, defenses, objections, answers, denials, assertions, and allegations, specifically, including, an objection to this Court's exercise of personal jurisdiction over any of Defendants.

11.

Pursuant to 28 U.S.C. § 1446(a), a copy of the *Petition*, along with all other papers received by Defendants, or otherwise known to have been filed in the 33rd Judicial District Court is attached hereto as **Exhibit 1**.

12.

This Notice of Removal has been provided to counsel for Plaintiff.  A separate Notice of Removal, and a copy of this Notice of Removal, will be filed with the Clerk of Court for the 33rd Judicial District Court, as required by 28 U.S.C. § 1446(d).

**WHEREFORE**, Defendant(s), James R. Gowen, P & S Insurance Risk Retention Group, DMT Trucking, LLC, and Blair Logistics, Inc., hereby remove this action from the 33rd Judicial District Court for the Parish of Allen, Louisiana to the United States District Court for the Western District of Louisiana.

4

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing has been served upon all counsel of record by the service method indicated below:

        [   ] U.S. Mail
        [   ] Hand Delivery
        [   ] Facsimile
        [ X ] Electronic Filing

This 8th day of August 2022.

_____/s/ Michael W. Maldonado_____

Respectfully Submitted,

**STAINES, EPPLING & KENNEY**

_____/s/ Michael W. Maldonado_____
**JULIE S. KAMMER** (#24656)
**DAVID C, BERNARD** (#33727)
**MICHAEL W. MALDONADO** (#39266)
3500 North Causeway Blvd., Suite 820
Metairie, LA 70002
Telephone:  (504) 838-0019
Facsimile:  (504) 838-0043
Email:  tommy@seklaw.com
       julie@seklaw.com
       michael@seklaw.com
*Counsel for James R. Gowen, P & S Insurance Risk Retention Group, Inc., DMT Trucking, LLC, and Blair Logistics, Inc.*

Docket No.: C-2022-255

| Virginia Carey, on behalf of minor child, | : | 33rd JUDICIAL DISTRICT COURT |
| --- | --- | --- |
| *versus* | : | PARISH OF ALLEN |
| P& S Insurance Risk Retention Group, DMT Trucking, LLC, Blair Logistics and James R. Gowan | : | STATE OF LOUISIANA |
| FILED: | : | |
| | | DEPUTY CLERK |

---

### PETITION FOR WRONGFUL DEATH AND SURVIVAL DAMAGES

---

NOW INTO COURT comes **Virginia Carey, on behalf of minor child,**

, born the          day of          , residents of Vernon Parish, Louisiana, sometimes referred to as **"Petitioners,"** who with respect, represent to the court:

*PARTY PLAINTIFF*                                     1.

That the plaintiffs herein, and sometimes hereinafter referred to as **"Petitioners,"** are as

follows:

a. **Virginia Carey, mother  and natural tutrix of**          , surviving minor daughter of Leon Henry Wallace, Jr, who currently resides and is domiciled in the Parish of Vernon, State of Louisiana at 146 Smokey Road, Leesville, Louisiana 71446, sometimes referred to as "          ."

*PARTIES DEFENDANT*                                   2.

That made defendants herein, and sometimes hereinafter referred to collectively as

**"Defendants,"** are as follows:

a. **P & S Insurance Risk Retention Group**, made defendant herein, hereinafter sometimes referred to as **"P & S,"** a foreign insurance corporation, not authorized to do, but doing, a business in the State of Louisiana, made defendant herein, with its registered address as, 1810 Avenue C, Birmingham, Alabama 35218, and upon whom service of process may be made through *Louisiana Revised Statutes* 13:3201, *et seq.*, or the service provisions of the Louisiana "Long-Arm" Service Statute at Brian Barze, 1810 Avenue C, Birmingham, Alabama 35218 as its authorized agent for service of process; and

b. **DMT Trucking, LLC**, made defendant herein, hereinafter sometimes referred to as **"DMT,"** a limited liability company, not authorized to do, but doing, a business in the State of Louisiana, made defendant herein, with its registered address as, 452 N Temple Avenue, Starke, Florida 32091, and upon whom service of process may be made through

A TRUE & CORRECT COPY OF
ORIGINAL FILED: JUL 07 2022
OBERLIN, LA. JUL 07 2022
Kaitlin Martin
Deputy Clerk of Court
ALLEN PARISH, LA



*Louisiana Revised Statutes* 13:3201, *et seq.*, or the service provisions of the Louisiana "Long-Arm" Service Statute at 452 N Temple Avenue, Starke, Florida 32091 as its authorized agent for service of process; and

c. **Blair Logistics, Inc.** hereinafter sometimes referred to as "**Blair,**" a corporation, not authorized to do, but doing, a business in the State of Louisiana, made defendant herein, with its registered address as, 201 19th Street Ensley, Birmingham, Alabama, 35218, and upon whom service of process may be made through *Louisiana Revised Statutes* 13:3201, *et seq.*, or the service provisions of the Louisiana "Long-Arm" Service Statute at Jay Bowling, Chief Executive Officer, 201 19th Street Ensley, Birmingham, Alabama, 35218 as its authorized agent for service of process; and

d. **James R. Gowan,** made defendant herein, is a resident of the State of Florida and whose last known address was 5735 Farrel Way, Milton, Florida 32583 a male individual of the full age of majority, who is only known to Petitioner as "**James R. Gowan**" and upon whom service of process may be made through *Louisiana Revised Statutes* 13:3201, *et seq.*, or the service provisions of the Louisiana "Long-Arm" Service Statute at 5735 Farrel Way, Milton, Florida 32583

3.

That the exact relationship among the parties is unknown, but it is believed that said **James R. Gowan** was operating a vehicle, owned by **Blair,** in business service of **DMT,** insured by said **P& S,** which was involved in a collision with a vehicle operated by **Leon Henry Wallace, Jr.** deceased. Petitioner **Virginia Carey** is the mother of the minor daughter, of **Leon Henry Wallace, Jr.**

*Venue* 4.

That venue is proper in Allen Parish, Louisiana pursuant to *Louisiana Code of Civil Procedure Article 74*, because, as hereinafter more particularly set forth, the damages were sustained in Allen Parish, and the negligent conduct complained of occurred in Allen Parish, Louisiana.

*Negligence* 5.

That on or about October 27, 2021, and at pertinent times prior and subsequent thereto, said **James R. Gowan** was the operator and **Blair** was the owner of a 2020 Kenworth T680 Truck and 2016 Great Dan Flatbed Trailer, the exact description being unknown to **Carey,** except that she has been informed and, upon such information and belief, alleges that said 2020 Kenworth T680 Truck and 2016 Great Dan Flatbed Trailer then bore 2022 Indiana license plate number 2898313 and 9999 Florida license plate 4861CQ, respectively

6.

That prior to October 27, 2021, said **P & S** had issued to said **Blair** its policy or contract of insurance (described as policy number RRG488900-21), which was in full force and effect on or about October 27, 2021, and by which it contracted and agreed to assume up to, but not exceeding its limits, legal liability incurred by or imposed upon said **Blair** through the maintenance, use and operation of said 2020 Kenworth T680 Truck and 2016 Great Dan Flatbed Trailer, or anyone operating said 2020 Kenworth T680 Truck and 2016 Great Dan Flatbed Trailer with the knowledge, consent and/or permission of said **Blair**. That at all times pertinent to this litigation, **James R. Gowan** was employed by **DMT** and/or **Blair**, as a driver.

7.

That on or about October 27, 2021, and at pertinent times prior and subsequent thereto, petitioner **Leon Henry Wallace, Jr.** owned and was operating said 2012 GMC Sierra, which then bore 2025 Louisiana license plate number Z204400, and was insured by said **Safeway**.

8.

That prior to October 27, 2021, said **Safeway** had issued to said **Leon Henry Wallace, Jr.** its policy or contract of insurance bearing policy number 250174S-LA-PP-010, which was in full force and effect on or about October 27, 2021, and at pertinent times prior and subsequent thereto, by which it contracted and agreed to assume, up to but not exceeding its limits, legal liability incurred by, or imposed upon, anyone driving or operating said 2012 GMC Sierra.

9.

That the limits of liability of said policy or contract or insurance bearing policy number 250174S-LA-PP-010 issued by said **Safeway** to **Leon Henry Wallace, Jr.**, and which was in full force and effect on or about October 27, 2021, provided for *Fifteen Thousand and no/100 ($15,000.00) Dollars for bodily injury for any one person and Thirty Thousand and no/100 ($30,000.00) Dollars for any one accident* under the provisions of said policy.

10.

That on or about October 27, 2021, between the hours of 6:30 p.m. and 7:00 p.m., **Leon Henry Wallace, Jr.** was driving said 2012 GMC Sierra southbound in the center lane of travel of U.S. Highway 165 in Allen Parish, Louisiana.

11.

That at the same time and place, while in the course and scope of his employment with **DMT** as a driver, said **James R. Gowan** was traveling southbound in the merging lane of travel of U.S. Highway 165, in the vehicle aforementioned while entering U.S. Highway 165 from Pawnee Road, an inferior roadway.

12.

That, at said time and at said place, U.S. Highway 165 South was a three (3) lane black top surfaced roadway south of the intersection of LA 1153 and Pawnee Road. The inside lane is an acceleration lane for commercial traffic traveling south from Pawnee Road. The three lanes are divided by white dashed lines. A physical separation divides the Northbound and Southbound lanes of U.S. Highway 165, and the posted speed limit is 65 MPH.

13.

That, at said time and at said place, the roadway was dry, and the weather was clear, there was nothing to limit or hinder the visibility of **James R. Gowan**.

14.

That, at said time and at said place, **Leon Henry Wallace, Jr.** was traveling southbound in the center lane of travel of U.S. Highway 165, **James R. Gowan** had turned south from Pawnee Road onto U.S. Highway 165 southbound and was occupying the acceleration lane as he began merging into the center lane of travel. That **James R. Gowan** failed to yield the right of way that the vehicle operated by **Leon Henry Wallace, Jr.**, and a collision occurred as **James R. Gowan** entered the lane occupied by **Leon Henry Wallace, Jr.**

15.

That the point of impact was in the center, southbound travel lane of U.S. Highway 165 just south of Pawnee Road in Allen Parish, when the front portion of said 2012 GMC Sierra operated by said **Leon Henry Wallace, Jr.**, struck and crashed into the rear passenger side portion of said 2016 Great Dan Flatbed Trailer driven by said **James R. Gowan**, as **Gowan** was changing lanes into the center lane properly occupied by **Leon Henry Wallace, Jr.**

16.

That no other vehicles were involved in said accident, except those particularly set forth hereinabove, and at said time and at said place, except said 2020 Kenworth T680 Truck and 2016 Great Dan Flatbed Trailer, and a 2012 GMC Sierra.

17.

That **Leon Henry Wallace, Jr.** was killed in the collision.

18.

That said accident occurred in the Parish of Allen, State of Louisiana.

19.

That petitioners sustained personal injuries and damages in said accident, at said time and at said place, as hereinafter more particularly set forth.

20.

That the accident and damages which resulted therefrom to petitioners were caused partly through the negligence and fault of said, **James R. Gowan**, as hereinafter more particularly set forth:

21.

That a presumption of 100% fault against **James R. Gowan** exists because the collision occurred:

   a. While   **James R. Gowan** was entering a superior roadway from an inferior roadway,
   b. While **James R. Gowan** was entering a lane properly occupied by **Leon Henry Wallace, Jr.,** and
   c. Because the point of impact was in the lane properly occupied by **Leon Henry Wallace, Jr.**

22.

That the negligence and fault of said **James R. Gowan** consisted of the following:

   a. In operating his vehicle in a careless manner;
   b. In failing to keep a proper lookout;
   c. In failing to observe traffic on U.S. Highway 165, more particularly, said 2012 GMC Sierra operated by Petitioner;
   d. In driving in an inattentive, impaired and/or distracted state;
   e. In failing to see what he could and should have seen; namely said 2012 GMC Sierra operated by Petitioner;
   f. In failing to act as a reasonable or prudent driver would have acted under similar circumstances;
   g. In failing to take reasonable action to avoid or mitigate the accident, when, in the exercise of due care, she should have had ample time, opportunity, and ability to do so;
   h. In changing lanes into the vehicle occupied by **Leon Henry Wallace, Jr.**

PETITION FOR DAMAGES
Page 5 of 8 pages

       i.  In violating the motor vehicle and traffic laws and ordinances of the State of Louisiana and the Parish of Allen.

23.

That the proximate cause of said accident, and the damages which resulted therefrom to

**Leon Henry Wallace, Jr**, was, in part, the negligence and fault of said **James R. Gowan,** as

hereinabove more particularly set forth.

24.

As a direct and proximate result of defendants' negligence, the plaintiff has suffered

injuries and damages, *to-wit:*

<u>Virginia Carey</u> on behalf of minor

    a.  For the wrongful death of **Leon Henry Wallace, Jr**,
    b.  For loss of love and affection,
    c.  Loss of support
    d.  Loss of *consortium* of her father,
    e.  Survival action damages for her father's pre-impact fear
    f.  Survival action damages for her father's past pain and suffering
    g.  Survival action damages for her father's fear of impending death

25.

That in accordance with the above and foregoing allegations, said **P & S, DMT, Blair,**

and **James R. Gowan** are justly and truly indebted, jointly and *in solido*, unto **petitioners** in an

amount to be set by the court, which is reasonable in the premises, together with legal interest

thereon from the date of judicial demand, until paid, and for all costs of these proceedings.

**Wherefore**, petitioners pray:

    I.    That there be service and citation upon **P& S Insurance Risk Retention Group** with its registered address as 1810 Avenue C, Birmingham, Alabama 35218 and upon whom service of process may be made through *Louisiana Revised Statutes* 13:3201, *et seq.*, or the service provisions of the Louisiana "Long-Arm" Service Statute at Brian Barze, 1810 Avenue C, Birmingham, Alabama 35218.

    II.   That there be service and citation upon **DMT Trucking, LLC** with its registered address as 452 N Temple Avenue, Starke, Florida 32091and upon whom service of process may be made through *Louisiana Revised Statutes* 13:3201, *et seq.*, or the service provisions of the Louisiana "Long-Arm" Service Statute at 452 N Temple Avenue, Starke, Florida 3209.

    III.  That there be service and citation upon **Blair Logistics, Inc.** with its registered address as 201 19th Street Ensley, Birmingham, Alabama, 35218 and upon whom service of process may be made through *Louisiana Revised Statutes* 13:3201, *et seq.*, or the service provisions of the Louisiana "Long-Arm" Service Statute at Jay Bowling, Chief Executive Officer, 201 19th Street Ensley, Birmingham, Alabama, 35218.

IV.  That there be service and citation upon **James R. Gowan,** individually 5735 Farrel Way, Milton, Florida 32583 upon whom service of process may be made through *Louisiana Revised Statutes* 13:3201, *et seq.*, or the service provisions of the Louisiana "Long-Arm" Service Statute at 5735 Farrel Way, Milton, Florida 32583.

V.  That, after the lapse of all legal delays and due proceedings had, there be judgment herein in favor of **petitioner, Virginia Carey, on behalf of her minor daughter,**                    and against **defendants, P& S Insurance Risk Retention Group, DMT Trucking, LLC, Blair Logistics, Inc. and James R. Gowan** jointly and *in solido*, in an amount which is reasonable in the premises, together with legal interest thereon from the date of judicial demand, until paid, and for all costs of these proceedings;

VI.  That all fee of the experts called by **petitioners** to testify on their behalf in the trial of this cause be fixed by this Honorable Court and assessed as costs herein;

VII.  For all orders and decrees necessary, and for full, general, and equitable relief.

*By their attorneys:*

By: _____

**S. Christie Smith, IV**
Louisiana Supreme Court No. 24882

**SMITHADVOCATES, LLP**
300 Courthouse Street
Post Office Drawer 1528
Leesville, Louisiana 71496-1528
Telephone:     337.239.2244
Facsimile:      337.239.4186

*Trial Counsel for Plaintiffs*

## Please Serve:

1. **P & S Insurance Risk Retention Group**
   *Through Louisiana Revised Statutes 13:3201, et seq., or the service provisions of the Louisiana "Long-Arm" Service Statute at*

   Brian Barze
   1810 Avenue C
   Birmingham, Alabama 35218

2. **DMT Trucking, LLC**
   *Through Louisiana Revised Statutes 13:3201, et seq., or the service provisions of the Louisiana "Long-Arm" Service Statute at*

   452 N Temple Avenue
   Starke, Florida 32091

3. **Blair Logistics, Inc.**
   *Through Louisiana Revised Statutes 13:3201, et seq., or the service provisions of the Louisiana "Long-Arm" Service Statute at*

   Jay Bowling, Chief Executive Officer
   201 19th Street Ensley
   Birmingham, Alabama 35218

4. **James R. Gowan**
   *an individual,*
   *through Louisiana Revised Statutes 13:3201, et seq., or the service provisions of the Louisiana "Long-Arm" Service Statute at*

   5735 Farrel Way
   Milton, Florida 32583